**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Washington, | No. CV-95-2460-PHX-JAT |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| Dora B. Schriro, et al., | **ORDER RE: CERTIFICATE OF APPEALABILITY** |
| Respondents. | |

In orders filed August 9 and October 19, 1999, the Court found some of Petitioner's claims for habeas relief to be procedurally barred. (Dkts. 64, 73.)[1] On April 22, 2005, following additional briefing on the merits of Petitioner's remaining claims, the Court denied relief on those claims and judgment was entered. (Dkts. 115, 116.) On June 8, 2005, the Court denied a motion for reconsideration. (Dkt. 118.) Petitioner filed a Notice of Appeal on July 11, 2005. (Dkt. 120.) Pending before the Court is Petitioner's Motion for a Certificate of Appealability. (Dkt. 121.) Respondents have not opposed the motion. Petitioner's motion for a certificate of appealability will be granted to the extent set forth herein.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has

---

[1] "Dkt." refers to documents in this Court's file.

1 made a substantial showing of the denial of a constitutional right." This showing can be
2 established by demonstrating that "reasonable jurists could debate whether (or, for that
3 matter, agree that) the petition should have been resolved in a different manner" or that the
4 issues were "adequate to deserve encouragement to proceed further." Slack v. McDaniel,
5 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). For
6 procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the
7 petition states a valid claim of the denial of a constitutional right, and (2) whether the court's
8 procedural ruling was correct. Id.

9 The Court finds that jurists of reason could debate the resolution of the following issues: (A) whether the exhausted portion of Claim 3, alleging the trial court's refusal to sever Petitioner's trial from that of his co-defendants and its subsequent admission of hearsay evidence in violation of Petitioner's rights to due process under the Fourteenth Amendment, was wrongly decided; (B) whether Claim 8-B, alleging a violation of the Eighth and Fourteenth Amendments by the Arizona courts' expansion of the narrowing construction given to A.R.S. § 13-703(F)(6) as applied to Petitioner, was wrongly decided on the merits; and (C) whether Claim 11, alleging trial counsel rendered ineffective assistance at sentencing by failing to investigate and present mitigation evidence in violation of the Sixth and Fourteenth Amendments, was wrongly decided on the merits. The Court therefore will grant a COA as to those issues. The Court denies a COA as to all other issues for the reasons set forth in its Orders of August 9 and October 19, 1999, and April 22, 2005, in which the Court addressed Petitioner's arguments regarding exhaustion, procedural default, cause and prejudice, and the merits. (Dkts. 64, 73, 115.)

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability (dkt. 121) is **GRANTED IN PART** as to the following issues:

> Whether the exhausted portion of Claim 3, alleging the trial court's refusal to sever Petitioner's trial from that of his co-defendants and its subsequent admission of hearsay evidence in violation of Petitioner's rights to due process

under the Fourteenth Amendment, was wrongly decided on the merits;

Whether Claim 8-B, alleging a violation of the Eighth and Fourteenth Amendments by the Arizona courts' expansion of the narrowing construction given to A.R.S. § 13-703(F)(6) as applied to Petitioner, was wrongly decided on the merits; and

Whether the exhausted portion of Claim 11, alleging trial counsel rendered ineffective assistance at sentencing by failing to investigate and present mitigation evidence in violation of the Sixth and Fourteenth Amendments, was wrongly decided on the merits.

**IT IS FURTHER ORDERED** that Petitioner's motion for certificate of appealability is otherwise **DENIED.**  (Dkt. 121.)

DATED this 28th day of September, 2005.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge