**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Washington, | No.  CIV 95-2460-PHX-JAT |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| Dora B. Schriro, et al., | **ORDER RE: PETITIONER'S MOTION TO VACATE AND RE-ENTER JUDGMENT** |
| Respondents. | |

Before the Court is Petitioner's Motion to Vacate and Reenter Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). Respondents filed an opposition, and Petitioner filed a reply. Respondents thereafter filed a motion for leave to file a surreply, which Petitioner opposes. Because the Court concludes that Petitioner's motion to vacate and reenter judgment must be denied, Respondents' motion for leave to file a surreply will be denied as moot.

## BACKGROUND

On April 22, 2005, the Court denied Petitioner's application for a writ of habeas corpus, and judgment was entered. Petitioner filed a motion to alter or amend judgment on May 5, 2005, which the Court denied on June 8, 2005. On Monday, July 11, 2005, thirty-three days later, Petitioner filed a notice of appeal ("NOA") and a motion for a certificate of appealability ("COA"). The Court subsequently granted a COA as to certain claims. On October 7, 2005, the Ninth Circuit ordered Petitioner to show cause why his appeal should not be dismissed as untimely pursuant to Rule 4 of the Federal Rules of Appellate Procedure ("FRAP"). The instant motion followed, and the circuit court continued the time for responding to the show-cause

1   order pending resolution of the motion.

2

**DISCUSSION**

3   Petitioner asks this Court to vacate and reenter judgment *nunc pro tunc* as of June 9,

4   2005, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, solely so that his NOA

5   can be deemed timely filed. (Dkt. 124 at 1.)[1]  He argues that he should be granted such relief

6   because his NOA was filed only one (business) day late due to excusable neglect, i.e., the

7   miscalculation of the NOA deadline by his attorney's secretary,[2] and asserts that Respondents

8   will not be prejudiced. (Id.)  Respondents contend that Rule 60(b) cannot be used to extend the

9   period within which to file a notice of appeal under Rule 4. (Dkt. 126 at 9-12.)  They further

10   argue that, even if Rule 60(b) is applicable, Petitioner has not demonstrated excusable neglect

11   nor shown that Respondents will not be prejudiced if relief is granted. (Id.)

12   Rule 4(a) provides in relevant part that a NOA must be filed within 30 days after the

13   entry of judgment or an order disposing of a motion to alter or amend judgment under Rule 59.

14   Fed. R. App. P. 4(a)(1)(A).  It provides only two avenues for relief from that time limit.  First,

15   a district court may extend the time to file a NOA if (i) a party so moves no later than 30 days

16   after the time prescribed by Rule 4(a) expires, *and* (ii) the party demonstrates  "excusable

17   neglect."[3]  Fed. R. App. P. 4(a)(5)(A).  Second, a district court may reopen the time to file a

18

19         [1]  "Dkt." refers to documents in this Court's file.

20         [2]  Petitioner explains that his counsel "relied upon a United States Government

21   Appointment Book 2005 to calculate the deadline for filing the notice of appeal" in which "June

    9, 2005 was the 160th day of calendar year 2005.  Thirty [days] added to 160 equals 190, and

22   the 190th day of calendar year was Saturday, July 9," so counsel extended the deadline to the

23   following Monday, July 11. (Dkt. 124 at 3.)  Petitioner states that, "Counsel's error in

    calculating the date is now obvious.  June 9, the 160th day of the year, was the *first* day of the

24   30-day period in which to file the notice of appeal" and, therefore, "the thirtieth day of this

25   period would have come *twenty-nine* days later, on the 189th day of the year, which was Friday,

    July 8." Id.

26

27         [3]  Only "good cause" rather than "excusable neglect" must be shown when a motion

    under Rule 4(a)(5)(A) is filed before expiration of the time prescribed by Rule 4(a)(1) for filing

28

-2-

1   NOA in limited circumstances when a party did not receive notice of the entry of judgment.

2   Fed. R. App. P. 4(a)(6); see also Fed. R. Civ. P. 77(d) (providing in relevant part that lack of

3   notice of entry of judgment "does not affect the time to appeal or relieve or authorize the court

4   to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a)

5   of the Federal Rules of Appellate Procedure.").

6        In this case, it is undisputed that Petitioner received notice of the entry of judgment and

7   that he did not file a motion to extend the time for filing a NOA either before expiration of the

8   30-day period prescribed by Rule 4(a)(1) or the additional 30 days provided by Rule 4(a)(5)(A).

9   Further, Petitioner does not dispute that he is now, and was at the time he filed his Rule 60(b)

10  motion, time-barred from seeking relief pursuant to Rules 4(a)(5)(A) and 4(a)(6).  Thus, the

11  principal issue for this Court is whether relief may be granted pursuant to Rule 60(b) to cure

12  Petitioner's untimely NOA.

13       Rule 60(b)(1) provides in relevant part that a court may, on such terms as are just, relieve

14  a party or a party's legal representative from a final judgment, order, or proceeding due to

15  "excusable neglect."  Fed. R. Civ. P. 60(b)(1).  However, courts have refused to allow a Rule

16  60(b) motion to be used as a means for extending or reopening the time to file a NOA.  Saudi

17  Basic Indust. Corp. v. Exxon Corp., 364 F.3d 106, 111-12 (3d Cir. 2004) (reinstatement of

18  previously vacated orders to revive appellate window improper) (citing West v. Keve, 721 F.2d

19  91, 97 (3d Cir. 1983) (rejecting reinstatement of judgment to revive appellate window); Hall

20  v. Community Mental Health Ctr. of Beaver County, 772 F.2d 42, 43-44 (3d Cir. 1985) (same));

21  Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002) (Rule 60(b) is not properly used to reopen

22  or extend the time to file an appeal)); Dunn v. Cockrell, 302 F.3d 491, 492-93 (5th Cir. 2002)

23

24  _____

25  a NOA.  Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir. 1982); D & S Family
    Pres. Trust v. United States, 2 F. Supp.2d 1320 (D. Or. 1998).  Rule 4(a)(5)(C) provides that
26  an extension under this rule may not exceed 30 days after the prescribed time or 10 days after
    the date when the order granting the motion is entered, whichever is later.  Fed. R. App. P.
27  4(a)(5)(C).

28                                          -3-

1  ("Rule 60(b) cannot be used to circumvent the limited relief available under [FRAP Rule

2  4(a)(5)]"); <u>Vencor Hospitals, Inc. v. Standard Life & Accident Ins., Co.</u>, 279 F.3d 1306, 1310

3  (11th Cir. 2002) (Rule 60(b) cannot be used to circumvent Rule 4(a)(6)'s 180-day limitation for

4  extending a party's time to appeal for failure to receive actual notice that judgment entered);

5  <u>Bell v. Eastman Kodak Co.</u>, 214 F.3d 798, 801 (7th Cir. 2000) (same); <u>Clark v. Lavallie</u>, 204

6  F.3d 1038, 1041 (10th Cir. 2000) (Rules 4(a)(6) and 77(d) preclude relief pursuant to Rule

7  60(b) to cure problems of lack of notice); <u>FHC Equities, L.L.C. v. MBL Life Assur. Corp.</u>, 188

8  F.3d 678, 683-87 (6th Cir. 1999) (plaintiff cannot invoke Rule 60(b)(1) to overcome untimely

9  filing of NOA).

10       Petitioner relies on the Ninth Circuit's decision in <u>Pincay v. Andrews</u>, 389 F.3d 853, 855

11  (9th Cir. 2004) (en banc), <u>cert. denied</u>, 125 S.Ct. 1726 (2005), in support of his argument. In

12  <u>Pincay</u>, the Ninth Circuit affirmed the district court's finding of excusable neglect under Rule

13  4(a)(5)(A) where the determination of the filing deadline for a NOA had been delegated to a

14  paralegal who misread the applicable rule and consequently miscalendared the due date.[4]

15  However, in that case, the motion for an extension of time was filed within 30 days after the

16  expiration of the NOA deadline; the Ninth Circuit held that there was not a *per se* rule against

17  finding "excusable neglect" pursuant to Rule 4(a)(5)(A) under such circumstances. <u>Id.</u> at 855.

18  While Petitioner *may* have been granted an extension based on excusable neglect *if* he had

19  discovered the calendering error and filed a motion within 30 days after the time to file the

20  NOA had run, <u>Pincay</u> does not stand for the proposition that the additional 30-day time limit

21  contained in Rule 4(a)(5)(A) may itself be extended under Rule 60(b) based on excusable

22  neglect.  <u>See</u> <u>Alaska Limestone Corp v. Hodel</u>, 799 F.2d 1409, 1411 (9th Cir. 1986) (per

23  curiam) (the requirement that extensions be filed within thirty days of the original deadline is

24

25       [4] In <u>United States v. Hooper</u>, 43 F.3d 26, 28-29 (2d Cir. 1994) (per curiam), the Second

26  Circuit concluded that paralegal error did not establish excusable neglect for purposes of
   extending the time to file an appeal. <u>See</u> <u>Silivanch v. Celebrity Cruises, Inc.</u>, 333 F.3d 355, 370

27  (2d Cir. 2003), <u>cert. denied</u> sub nom. <u>Essef Corp. v. Silivanch</u>, 540 U.S. 1105 (2004).

28

mandatory and jurisdictional).

Petitioner also cites the decisions in <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983) (en banc), and <u>Lewis v. Alexander</u>, 987 F.2d 392 (6th Cir. 1993). The Court finds neither case apposite to his circumstances.

In <u>Rodgers</u>, the district court granted Rule 60(b) relief based on excusable neglect where counsel had not been notified that judgment had been entered until months after the fact and, despite diligent efforts, had not earlier discovered such entry. 722 F.2d at 457. Considering the issue *sua sponte*, the Ninth Circuit held that Rule 60(b) relief based on "excusable neglect" was available where, despite diligent efforts, the movant failed to learn that judgment had been entered until more than 60 days after entry, i.e., when relief pursuant to Rule 4(a)(5)(A) was unavailable.[5] <u>Id.</u> at 459.

After <u>Rodgers</u> was decided, Rule 4(a)(6) was added to the Federal Rules of Appellate Procedure. The Ninth Circuit has recognized that Rule 4(a)(6) renders <u>Rodgers</u> obsolete. <u>See</u> <u>In re Stein</u>, 197 F.3d 421, 426 (9th Cir. 1999) (stating that Rule 4(a) and Rule 77(d) now "leave no gaps for Rule 60(b) to fill."); <u>see</u> <u>Zimmer St. Louis, Inc. v. Zimmer Co.</u>, 32 F.3d 357, 361 (8th Cir. 1994) (citing cases finding <u>Rodgers</u>, among others, rendered obsolete by Rule 4(a)(6)); <u>see also</u> <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1009-10 (10th Cir. 2000) (relying in part on Stein); <u>Vencor Hospitals</u>, 279 F.3d at 1311 (same); <u>Lewis v. Blaine</u>, No. Civ. A.02-1162, 2005 WL 3536075 at *3-4 (D. N.J. Dec. 21, 2005) (concerning challenges to New Jersey convictions of inmate sentenced to death in Pennsylvania and finding that time to file NOA could not be reopened pursuant to Rule 4(a)(6) where such relief not sought within 180 days

---

[5]  The court expressly held:

> [I]n determining whether Rule 60(b) is applicable a court should consider (1) absence of Rule 77(d) notice; (2) lack of prejudice to respondent; (3) prompt filing of a motion after actual notice; and (4) due diligence, or reason for lack thereof, by counsel in attempting to be informed of the date of the decision.

<u>Id.</u> at 460.

of judgment).  The amendment of the federal appellate rules, and subsequent Ninth Circuit decisions, support that Rule 60(b) relief for purposes of rendering a NOA timely, or reopening the time to file an appeal, are no longer available pursuant to <u>Rodgers</u>.  Even if <u>Rodgers</u> remained applicable, Petitioner has not demonstrated that he acted diligently in discovering the untimely filing.  There is simply no showing, notwithstanding the nature of the case, that Petitioner or his counsel made any effort to confirm the timeliness of his NOA until notified by the Ninth Circuit, when it was too late to seek an extension pursuant to Rule 4(a)(5)(A).[6]

In <u>Lewis</u>, 987 F.2d at 395-96, the Sixth Circuit endorsed application of the standard set forth in <u>Rodgers</u> to Rule 60(b) motions to extend the time for appeal where a diligent party did not receive notice that its appeal was untimely.  In that case, although a NOA was mailed three days before the deadline, it was not docketed until four days after the time for taking an appeal had expired, and the appellant's attorney did not realize that the appeal had not been timely docketed until after the expiration of time to seek an extension under Rule 4(a)(5)(A).  <u>Id.</u> at 394.  The Sixth Circuit affirmed Rule 60(b) relief based on "mistake" by either the postal service in delivering or the clerk's office docketing the NOA, where the attorney had diligently attempted to comply with the rules by mailing the NOA three days before the deadline.  <u>Id.</u> at 396-97.  The Sixth Circuit has since acknowledged that other courts have "roundly disagreed" with <u>Lewis</u> because it failed to address the impact of Rule 4(a)(6).  <u>FHC Equities</u>, 188 F.3d at 683 (finding Rule 60(b)(1) relief unavailable based on an attorney's mistaken interpretation of the law and citing <u>Zimmer St. Louis</u>, 32 F.3d at 361, and <u>Clark</u>, 204 F.3d at 1041).  With the exception of <u>Lewis</u>, Petitioner has not cited, and this Court has not found, any case decided after the addition of Rule 4(a)(6) that approves the use of Rule 60(b) to render a NOA timely.  <u>Id.</u> Further, even if <u>Lewis</u> remains good law, it relied on the rationale in <u>Rodgers</u>, which in turn

---

[6]  Petitioner states that he waited to file his NOA until completion of a motion for COA, so the two could be considered together.  However, nothing precluded the use of procedures to ensure the filing of a NOA before expiration of the time provided by Rule 4(a) or to verify the accuracy of any calendared filing date.

1  concerned relief when a party lacked notice of the entry of judgment despite diligent efforts to
2  ascertain the status of the case.  As noted, that is not the case here.  Finally, <u>Lewis</u> is not
3  controlling on this Court.

4         Petitioner argues that the Court should nevertheless grant the requested relief due to the
5  capital nature of the case and the implications for him if relief is denied.  The Court is fully
6  mindful of both.  However, Petitioner has cited no authority, and the Court has found none, to
7  support that it may grant Rule 60(b) relief solely on this basis.  A capital habeas petitioner does
8  not have a constitutional right to the effective assistance of counsel during federal habeas
9  proceedings, <u>see e.g.</u>, <u>Lovitt v. True</u>, 403 F.3d 171, 188 (4th Cir. 2005); <u>Moran v. McDaniel</u>,
10  80 F.3d 1261, 1271 (9th Cir. 1996), and an attorney's actions are attributed to the client, even
11  when negligent.  <u>See, e.g.</u>, <u>Community Dental Servs. v. Tani</u>, 282 F.3d 1164, 1168 (9th Cir.
12  2002); <u>Abdus-Samad v. Bell</u>, 420 F.3d 614, 632 (6th Cir. 2005); <u>Johnson v. McBride</u>, 381 F.3d
13  587, 589-90 (7th Cir. 2004).  A different result does not obtain because a litigant faces
14  imposition of a death sentence.  <u>See</u> <u>Johnson</u>, 381 F.3d at 589-90; <u>Morris v. Horn</u>, 187 F.3d 333,
15  336 (3d Cir. 1999).

16         Calendaring errors are the bane of any attorney's existence.  Although there are a variety
17  of ways to avoid or ameliorate the potential for such errors, particularly with respect to filing
18  notices of appeal in capital cases, regrettably, such procedures apparently were not employed
19  here.  Despite the implications for Petitioner in this case, the Court concludes, for the reasons
20  discussed herein, that it does not have the authority to grant the requested relief.

21         Accordingly,

22         **IT IS ORDERED** that Petitioner's motion to vacate and re-enter judgment *nunc pro*
23  *tunc* is **DENIED**.  (Dkt. 124.)

24         **IT IS FURTHER ORDERED** that Respondents' motion for leave to file a surreply is
25  **DENIED** as moot.  (Dkt. 128.)

26         **IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to
27  the Clerk of the Ninth Circuit Court of Appeals.

28

1    **IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to

2    the Clerk of the Arizona Supreme Court, 1501 W. Washington, Phoenix, AZ 85007-3329.

3    DATED this 23rd day of February, 2006.

4

5

6

7    _____
     James A. Teilborg
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     -8-