Gilbert Henry Levy
Law Office of Gilbert H. Levy
2125 Western Avenue,  Suite 330
Seattle, WA   98121
206-443-0670
Fax: 866-471-6818
Email:  gilbert.levy.atty@gmail.com
**Attorney for Petitioner**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Washington, | No. 2:95-cv-02460-JAT |
| Petitioner, | DEATH PENALTY CASE |
| vs. | **DECLARATION OF GILBERT H. LEVY** |
| Ryan Thornell, Director Arizona Department of Corrections, | |
| Respondent. | |

## DECLARATION OF GILBERT H. LEVY

Gilbert H. Levy declares and certifies as follows:

1.  On February 10, 2014, I was appointed by the Court to represent the Petitioner in State clemency proceedings pursuant to the Supreme Court's decision in *Harbison v. Bell,* 556 U.S. 180, 129 S. CT. 1481 (2009). The Court's order specified that I was to spend no more than 125 hours on

1

the matter, absent further approval from the Court.  According to my billing records, I spent a total of 27 hours on clemency matters since the date of my appointment, which primarily consisted of attempting to organize a clemency team.  I have not worked on the clemency request since 2014.  My efforts at the time were primarily devoted to the Ninth Circuit litigation in which we were appealing the District Court's denial of the CR 60(b) motion to vacate the Judgment, so that the Petitioner could proceed with the otherwise untimely appeal.

2.  In August 2016, the Ninth Circuit granted relief in the CR 60(b) appeal and the case was remanded to the District Court to vacate and reenter the judgment. *Washington v. Ryan,* 833 F. 3d 1087 (9th Cir. 2016).  The Petitioner was then able to proceed with an appeal on the merits.  From that point forward, the role of lead counsel was taken over by Nathaniel Love, a partner with the Sidley Austin firm in Chicago.  Mr. Love represented the Petitioner on a pro bono basis and my involvement in the case was minimal. In December 2021, the Ninth Circuit panel filed an opinion in which it upheld the District Court's denial of the habeas petition. *Washington v. Shinn,* 46 F. 4th 915, (9th Cir. 2022).  In August 2022, the Court of Appeals issued an order denying the Petition for Rehearing.  Mr. Love's prepared a certiorari petition that was filed in late January of 2023.

3.  I respectfully request that I be permitted to withdraw from my role as clemency counsel and that the Federal Public Defender for the Eastern District of California, Habeas Unit, be appointed in my place.  My practice has changed substantially since I was appointed as clemency counsel for Mr. Washington and is now primarily a felony trial practice.  I am active on the CJA felony panel for the Western District of Washington, and I am scheduled to begin a State Court murder trial in mid-April 2023.  As such I do not have sufficient time to devote to preparation of the clemency petition, the need for which may arise shortly if the certiorari petition is denied. Furthermore, I have had no recent capital habeas experience and the clemency claim will need to be coordinated with any final stage habeas litigation that may take place.

4.   The Capital Habeas Unit of the Federal Defender for the Eastern District of California is ideally situated to replace me as clemency counsel. Furthermore, involvement of that office is consistent with subsection XIV(E) of the District Court's CJA Plan, which specifies that the Federal Public Defender should appointed to handle capital habeas cases and that in the event of a conflict of interest, the Court should consider appointment of a Federal Defender office from another District.  In addition, it is my understanding and belief that Mr. Harshaw and other attorneys with the

3

Eastern District of California Federal Defender office have had recent experience handling capital habeas matters in the District of Arizona.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED:  January 31, 2023.


/s/Gilbert H. Levy
Gilbert H. Levy, AZ Bar No. 03505
Attorney for Defendant

4